UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DIANA REYNOLDS-STEVENS**            **CASE NO.  2:22-CV-04905**

**VERSUS**                            **JUDGE TERRY A. DOUGHTY**

**BANKERS INSURANCE CO**              **MAGISTRATE JUDGE KATHLEEN KAY**

**MEMORANDUM ORDER**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 24] filed by Banker's Specialty Insurance Company ("BSIC"). An Opposition [Doc. No. 36] was filed by Plaintiff Diana Stevens-Reynolds ("Reynolds").

For the reasons set forth herein, BSIC's Motion for Summary Judgment is **DENIED**.

**I.    BACKGROUND**

On August 26, 2022, Reynolds filed a Complaint[1] against Bankers Insurance Company. Reynolds alleges she is owed damages by Bankers Insurance Company under both a homeowners and flood policy as a result of damages she incurred due to Hurricane Laura on August 27, 2020, Hurricane Delta on October 9, 2020, and a flood that occurred during May 2021. BSIC filed an Answer[2] on November 15, 2022, alleging it was improperly named as Bankers Insurance Company in Reynolds' Complaint.

---

[1] [Doc. No. 1]
[2] [Doc. No. 7]

Thereafter, on January 17, 2023, and on January 26, 2023, Reynolds filed Motions to Amend/Correct Complaint.[3,4] The Motion to Amend/Correct was granted[5] on January 31, 2023, and on January 31, 2023, Reynolds' Second Amended Complaint[6] was filed.

Reynolds' Second Amended Complaint corrected the name of the Defendant from Bankers Insurance Company to BSIC. Reynolds also more specifically alleged that Reynolds was making a claim against BSIC under a homeowner's policy, and as administrator of a National Flood Insurance Program policy for damage caused by Hurricane Laura on August 27, 2020, a flood claim as a result of damage caused by Hurricane Delta on October 9, 2020, and flood damage which occurred as a result of a thunderstorm on May 17, 2021.[7]

On July 13, 2023, BSIC filed the pending Motion for Summary Judgment. In its motion, BSIC argues that Reynolds' claims have prescribed because Reynolds initially named Bankers Insurance Company ("BIC") rather than Banker's Specialty Insurance Company. BSIC alleges the two are separate and distinct entities who are domiciled in different states and that the suit against BIC did not interrupt prescription against BSIC.

Additionally, BSIC alleges that this Court has no subject matter jurisdiction on the homeowner's claims because there is no diversity as both parties are domiciled in Louisiana.

## II.  LAW AND ANALYSIS

### A.  Relation Back

FED. R. CIV. P. Rule 15 states:

> **(c)  Relation Back of Amendments.**

---

[3] [Doc. No. 9]
[4] [Doc. No. 12]
[5] [Doc. No. 15]
[6] [Doc. No. 16]
[7] Reynolds alleged BSIC cancelled her homeowner's policy effective October 1, 2020.

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (c) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4 (m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The rationale of the relation back rule for pleading amendments is that, once litigation involving a particular transaction has been instituted, a party should not be protected by the statute of limitations from later asserted claims that arose out of the same conduct set forth in the original pleadings. *Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. Of Texas*, 20 F.3d 1362, 1366-1367 (5th Cir. 1994).

The Second Amended Complaint asserted a claim that arose out of the conduct, transaction or occurrence set out, or attempted to be set out, in the original Complaint. Both related to homeowner and insurance coverage related to Hurricane Laura, Hurricane Delta, and flooding occurring on May 17, 2021.

BSIC received such notice that it would not be prejudiced in defending the case. BSIC filed an answer which specifically alleged Reynolds had improperly named BIC, rather than BSIC, in the initial Complaint. This also shows BSIC knew the action would have been brought against it but for a mistake concerning BSIC's identity.

Therefore, this Court finds Reynold's Second Amended Complaint adding BSIC (instead of BIC) related back to the filing of Reynolds original Complaint and has not prescribed.

### B. Subject Matter Jurisdiction

BSIC maintains that the Court does not have subject matter jurisdiction over the homeowner claim by Reynolds against BSIC because both BSIC and Reynolds are Louisiana residents, so there is no diversity. There would still be federal question jurisdiction over the flood claims because BSIC alleges it is a Write-Your-Own ("WYO") Program insurance carrier participating in the U.S. Government's National Flood Insurance Program, pursuant to the National Flood Insurance Act (42 U.S.C. § 4001, et seq.) in its fiduciary capacity as fiscal agent of the United States.

Based upon Reynolds Complaint, it is plausible she is alleging flood damage in addition to claims in her homeowner's policy as a result of Hurricane Laura. However, even if she is not, this Court has supplemental or ancillary jurisdiction over that portion of the claim. When federal courts have original jurisdiction over federal question claims, the court has pendent or supplemental jurisdiction over state law claims that derive from a common nucleus of operative fact, such that the relationship between the federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case. *United Mine Workers of America v. Gibbs*, 86 U.S. 1130, 1139 (1966).

Supplemental jurisdiction is a doctrine of discretion in which courts consider judicial economy, convenience, and fairness to the litigants as well as whether state issues predominate. *Id*. In exercising its discretion, this Court finds it will exercise supplemental jurisdiction over the homeowner's claim. All claims of damages are of the result of hurricanes and/or flooding to Reynolds' home based upon three unfortunate events – Hurricane Laura, Hurricane Delta, and a thunderstorm. Some of the damages could overlap, and it should be decided in one proceeding what damages Reynolds sustained and by which event. If this case were to be tried in two different

courts, inconsistent verdicts may result. Accordingly, the Court finds that judicial economy and fairness to both parties necessitate in this case being tried in one proceeding.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion for Summary Judgment filed by BSIC [Doc. No. 24] is **DENIED**.

**MONROE, LOUISIANA**, this 2nd day of October 2023.

Terry A. Doughty
United States District Judge